IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEROMEY G. JONES,<br><br>             Plaintiff,<br><br>     vs.<br><br>MONTANA STATE PRISON and<br>MS. DALY,<br><br>             Defendants. | CV 18-00071-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED STATES<br>MAGISTRATE JUDGE |

Plaintiff Jeromey Jones, a prisoner proceeding without counsel, has filed a motion for appointment of counsel (Doc. 7), a declaration (Doc. 8), and a proposed order for temporary restraining order (Doc. 8-1.)  The motion for appointment of counsel will be denied.  Mr. Jones's other filings as construed as a motion for temporary restraining order should be denied.

## I.  Motion for Appointment of Counsel

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal

1

cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Jones argues he is unable to afford counsel and his imprisonment will greatly limit his ability to litigate. (Doc. 7.) Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex.

2

*See Wilborn*, 789 F.2d at 1331.  Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel.  *Rand*, 113 F.3d at 1525.  Mr. Jones has not made a sufficient showing of exceptional circumstances.  He has not demonstrated a likelihood of success on the merits or his inability to articulate his claims pro se.

Moreover, pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a).  Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  The Court will not consider the appointment of counsel prior to the completion of this screening process.

## II.  Temporary Restraining Order

Mr. Jones filed a declaration and a proposed order which the Court has construed together as a motion for temporary restraining order.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations

3

omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations, internal quotation marks omitted).

4

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion."  *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original).  A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

The Supreme Court has found that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally."  *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945).  A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.*  The Ninth Circuit has explained:

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  Other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and

the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint.  Mr. Jones's Complaint raises medical care issues.  Although Mr. Jones has not provided a clear basis for seeking a temporary restraining order, his proposed order seeks to restrain Montana State Prison and all its employees from making any threats or acts upon those threats regarding discipline, restrictions from jobs, and religion or other programming and to restrict MSP from transporting Mr. Jones to a contract facility.  (Doc. 8-1.)  In his declaration, Mr. Jones states he has been refused C/D treatment and when he files grievances or has spoken up he has received disciplinary write ups.  (Doc. 8.)

The Court finds that the factual allegations in Mr. Jones's filings requesting injunctive relief are unrelated to the allegations in his Complaint.   As such, Mr. Jones's declaration and proposed order (Doc. 8) as construed as a motion for temporary restraining order should be denied.

6

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Jones's Motion to Appoint Counsel (Doc. 7) is DENIED.

2.  At all times during the pendency of this action, Mr. Jones MUST IMMEDIATELY ADVISE the Court of any change of address.  A failure to do so may result in the dismissal of the action for failure to prosecute.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Jones's declaration and proposed order (Doc. 8) as construed as a motion for temporary restraining order should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Jones may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Jones is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of July, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge