IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEROMEY G. JONES, | CV 18-00071-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MONTANA STATE PRISON and MS. DALY, | |
| Defendants. | |

On March 8, 2019, this Court issued an Order finding that Plaintiff Jeromey

Jones's Complaint failed to state a claim upon which relief could be granted and

giving Mr. Jones an opportunity to file an amended complaint.  (Doc. 15.)  On May

16, 2019, this Court issued Findings and Recommendations finding that Mr. Jones

failed to timely amend his complaint and recommending the dismissal of Mr.

Jones's Complaint for failure to state a federal claim for the reasons set forth in the

March 8, 2019 Order.  (Doc. 18.)

In reviewing Mr. Jones's other case (CV 18-00075-H-DLC-JTJ), the Court

recognized that Mr. Jones's amended complaint intended for this case was mistakenly filed in Civil Action 18-00075-H-DLC-JTJ.  The Clerk of Court has been directed to file Mr. Jones's amended complaint in this case and it has been deemed timely filed on April 5, 2019.  (Doc. 19.)  Accordingly, the Court withdraws the May 16, 2019 Findings and Recommendations.

However, the Court finds that Mr. Jones has presented no new facts and has failed to correct the deficiencies with his Complaint identified in the Court's March 8, 2019 Order.  Mr. Jones's Amended Complaint (Doc. 19) does not indicate that Mr. Jones suffers from a serious medical or mental health need and his allegations are insufficient to establish deliberate indifference.  Mr. Jones still alleges that Ms. Daly denied him medications when he refused treatment from Ms. Daly.  A refusal to prescribe medications when a patient refuses treatment cannot be construed as deliberate indifference.  Taking all of Mr. Jones's factual allegations as true, does "not permit the court to infer more than the mere possibility of misconduct."  Thus, Mr. Jones has not shown that he is entitled to relief.  *See* Fed.R.Civ.P. 8(a)(2)).

Based upon the foregoing, the Court issues the following:

## ORDER

The Court's May 16, 2019 Findings and Recommendations (Doc. 18) are WITHDRAWN.

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Jones failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Jones may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of May, 2019.


_/s/ John Johnston_____
John Johnston
United States Magistrate Judge

---

(mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Jones is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.